**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**West Virginia Division of Highways,**
**Employer Below, Petitioner**

**v.)**     **No. 23-258**  (JCN: 2019015684)
                         (ICA No. 22-ICA-135)

**Larry D. Scott,**
**Claimant Below, Respondent**

# MEMORANDUM DECISION

Petitioner West Virginia Division of Highways appeals the March 6, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See W. Va. Div. of Highways v. Scott*, No. 22-ICA-135, 2023 WL 2365786 (W. Va. Ct. App. Mar. 6, 2023) (memorandum decision). Respondent Larry D. Scott filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the August 29, 2022, decision of the Worker's Compensation Office of Judges[2], which reversed the claim administrator's order denying Mr. Scott's claim of compensability for the occupational disease of undifferentiated pleomorphic sarcoma. The Office of Judges found that Mr. Scott sustained an occupational disease pursuant to the provisions of West Virginia Code § 23-4-1(f).[3]

The petitioner asserts that the underlying decision of the ICA is in violation of statutory provisions regarding the compensability of occupational diseases and is clearly wrong in view of the reliable, probative, and substantial evidence of the whole record, because the evidence fails to establish that Mr. Scott's disease was causally connected to his employment. Mr. Scott argues that

---

[1] The petitioner is represented by counsel James W. Heslep, and the respondent is represented by counsel James R. Fox.

[2] The ICA, not the Workers' Compensation Board of Review, reviewed the Office of Judges' decision in this case because the Office of Judges' order was entered during the transfer to the reconstituted Board of Review. *See* W. Va. Code § 23-5-8a(a) (transferring powers and duties of Office of Judges to Board of Review).

[3] Although the respondent passed away on August 12, 2019, this Court has previously recognized that if a claimant in a workers' compensation case dies during the pendency of the claims process, the claim shall proceed as if death had not occurred. *See Martin v. Workers' Comp. Div.*, 210 W. Va. 270, 557 S.E.2d 324 (2001).

1

the compelling evidence clearly proves the direct causal connection between Mr. Scott's prolonged exposure to radiation from using a nuclear gauge and his development of a deadly form of cancer at the exact spot of the prolonged penetration of radiation.

This Court reviews questions of law de novo, while factual findings are accorded deference unless those findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. Apr. 22, 2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: August 1, 2024**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

2